IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FOREST LABORATORIES, LLC, FOREST LABORATORIES HOLDINGS, LTD. and ADAMAS PHARMACEUTICALS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 15-756 (LPS) |
| AMNEAL PHARMACEUTICALS LLC, AMNEAL PHARMACEUTICALS OF NEW YORK, LLC and PAR PHARMACEUTICAL, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## SCHEDULING ORDER

This ____ day of _____, 2015, the Court having conducted a Case Management

Conference / Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) and

Judge Stark's Revised Procedures for Managing Patent Cases (which is posted at

http://www.ded.uscourts.gov.; see Chambers, Judge Leonard P. Stark, Patent Cases)

on _____, 2015, and the parties having determined after discussion that the matter

cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.      Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.  The parties

shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on

February 5, 2016.  If they have not already done so, the parties are to review the Court's Default

Standard for Discovery of Electronic Documents ("ESI") (which is posted at

http://www.ded.uscourts.gov; see Other Resources, Default Standards for Discovery, Orders,

etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery, and is incorporated

herein by reference).

2.      Joinder of Other Parties and Amendment of Pleadings.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before May 27, 2016.

3.      Application to Court for Protective Order.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 9(h) below.

Any proposed protective order must include the following paragraph:

> Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.      Papers Filed Under Seal.  In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript

highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5.     <u>Courtesy Copies</u>.   Other than with respect to "discovery matters," which are governed by paragraph 9(h), and the final pretrial order, which is governed by paragraph 21, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

6.     <u>ADR Process</u>.   This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7.     [<u>DEFENDANTS propose</u>: Reservation of Defendants' Rights to Seek <u>Consolidation</u>.   This matter involves, *inter alia*, Plaintiffs' claims for infringement of, and Defendants' counterclaims for invalidity of, U.S. Patent Nos. 8,168,209, as corrected ("the '209 patent"); 8,173,708 ("the '708 patent"); 8,283,379 ("the '379 patent"); 8,329,752 ("the '752 patent"); 8,362,085 ("the '085 patent"); 8,598,233 ("the '233 patent") and 8,039,009 ("the '009 patent").   These patents are also at issue in Civil Action Nos. 14-121, 14-200, 14-508, 14-686, 14-1058 and 14-1271 (collectively referred to herein as "the Namenda XR matter"), also before this Court and consolidated with each other for purposes of discovery.   The parties have completed claim construction briefing on disputed terms in these patents in the Namenda XR matter and the Court has conducted a claim construction hearing.   The present action involves common questions of law and fact at least on the issues of claim construction and invalidity of

these patents.  Significant discovery has already been conducted in the Namenda XR matter and it is scheduled to begin trial on February 16, 2016.  In the event that the schedule in the Namenda XR matter is extended, Defendants may seek consolidation of this action with the Namenda XR matter with respect to issues of invalidity of the commonly asserted claims of the '209, '708, '379, '752, '085, '233 and '009 patents, up to and including through trial on the invalidity issues related to the commonly asserted claims of the '209, '708, '379, '752, '085, '233 and '009 patents.]

[PLAINTIFFS propose: Potential Consolidation.  To the extent that any party seeks consolidation of this action with any other action or actions, that party shall seek a stipulation of consolidation from the other parties, or if no stipulation can be reached, request consolidation from the Court by the deadline for joinder of other parties and amendment of the pleadings set forth in Paragraph 2.  A party seeking consolidation may do so before that date, but may not move after that date absent good cause.]

8.    [DEFENDANTS propose: Incorporation of Markman Proceedings from the Namenda XR Matter.  The record on claim construction issues concerning the '209, '708, '379, '752, '085, '233 and '009 patents in the Namenda XR matter, including all briefs, related declarations and other materials, and the August 3, 2015 claim construction hearing shall be deemed filed in the present matter.  No further briefing or hearings shall be conducted in this matter on the construction of disputed claim terms already addressed in the Namenda XR matter. The Court's ruling on the construction of the disputed claim terms addressed in the Namenda XR matter shall also apply in the present matter, and the parties in the present matter shall have all rights that the parties in the Namenda XR matter may have to seek reconsideration or clarification of the Court's ruling.

a.     To the extent the parties wish to address the construction of any additional claim terms found in patents commonly asserted in the Namenda XR matter and this matter, or in the '291, '794, '485, '486 or '858 patents asserted in this matter, such terms shall be addressed according to the schedule set forth below in Paragraphs 13-15.]

[PLAINTIFFS propose: Streamlining Markman Proceedings.  To the extent that any dispute arises between the parties regarding incorporation of submissions from the Markman proceedings in the Namenda XR matter into the Markman proceedings in this matter, or any other matter that would potentially streamline the Markman proceedings in this matter, the parties shall apprise the Court of such dispute in connection with the Interim Status Report described in Paragraph 16.]

9.    Discovery.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a.     Discovery Cut Off.  All fact discovery in this case shall be initiated so that it will be completed on or before October 21, 2016.

b.     Document Production.  Document production shall be substantially complete by June 24, 2016.  Furthermore, the parties agree that:

i.      Documents produced in the Namenda XR Litigation[1] by a named party to this action may be used in this action as if the information were obtained in this action, to the extent permitted pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

ii.     Neither plaintiffs nor defendants may use documents produced in the Namenda XR Litigation that were produced by a party to the Namenda XR Litigation that is not a party to this litigation.

iii.    Contentions served pursuant to Paragraphs 4(c) and 4(d) of the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") in the Namenda XR Litigation by a named party to this action may be used in this action as if the information were obtained in this action, to the extent permitted pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and subject to any applicable protections under the Stipulated Protective Order in the Namenda XR Litigation.  For clarity, plaintiffs need not produce any contentions served pursuant to Paragraph 4(c) on a party to the Namenda XR Litigation that is not a party to this action.

iv.     Neither plaintiffs nor defendants may use contentions served pursuant to Paragraphs 4(c) and 4(d) of the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") in the Namenda XR Litigation that were produced by a party to the Namenda XR Litigation that is not a party to this litigation.

---

[1]      The Namenda XR Litigation refers to Civil Action Nos. 14-121 (LPS), 14-200 (LPS), 14-508 (LPS), 14-686 (LPS), 14-1058 (LPS), and 14-1271 (LPS).

v.      Any party to this litigation may use hearing and trial transcripts from the Namenda XR Litigation in this action, to the extent permitted pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

vi.      Any party to this litigation may use expert reports or declarations served in the Namenda XR Litigation in this action, to the extent permitted pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and subject to any applicable protections under the Stipulated Protective Order in the Namenda XR Litigation.   For clarity, plaintiffs need not produce any reports served in the Namenda XR Litigation containing the confidential information of a non-party to this action [DEFENDANTS propose: unless said non-party consents to production].

c.      Requests for Admission.   A maximum of 30 common requests for admission are permitted for each side.   No more than an additional 10 individual requests for admission for plaintiffs to a particular defendant family[2] and an additional 10 individual requests for admission for each defendant family to plaintiffs are permitted.   These limitations do not apply to requests for admission related to the authentication of documents.   Furthermore, the parties agree that:

i.      Plaintiffs may use the responses to requests for admission served by defendants from the Namenda XR Litigation in this action as if the information were obtained

---

[2]      The parties agree that a defendant family, as used throughout this Scheduling Order, consists of the defendant entities who are closely related to each other.  For purposes of this case there are presently two (2) separate defendant families as follows:  (i) Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals of New York, LLC; and, (ii) Par Pharmaceutical, Inc.

in this action, to the extent permitted pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and subject to any applicable protections under the Stipulated Protective Order in the Namenda XR Litigation.

ii.   Defendants may use the responses to requests for admission served by plaintiffs from the Namenda XR Litigation in this action as if the information were obtained in this action, to the extent permitted pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and subject to any applicable protections under the Stipulated Protective Order in the Namenda XR Litigation.  For clarity, plaintiffs need not produce any responses to requests for admission served in the Namenda XR Litigation containing the confidential information of a non-party to this action [DEFENDANTS propose: unless said non-party consents to production].

iii.   Neither plaintiffs nor defendants may use responses to requests for admission from the Namenda XR Litigation if served by a party to the Namenda XR Litigation that is not a party to this litigation.

d.   <u>Interrogatories</u>.

i.   A maximum of 10 common interrogatories are permitted for plaintiffs directed towards all defendants, and a maximum of 10 common interrogatories are permitted for all defendants directed towards plaintiffs. No more than an additional 15 individual interrogatories are permitted for plaintiffs directed toward each defendant family, and no more than an additional 15 individual interrogatories are permitted for each defendant family directed towards plaintiffs.

ii.     [PLAINTIFFS propose: The Court encourages the parties to serve and respond to contention interrogatories early in the case, but contention interrogatories shall not be served before the completion of the Initial Discovery in Patent Litigation required by the Court's Default Standard for Discovery.]   [DEFENDANTS propose: The Court encourages the parties to serve and respond to contention interrogatories early in the case.]   In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof.  The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

iii.     The parties agree that plaintiffs may use the responses to interrogatories served by defendants from the Namenda XR Litigation in this action as if the information were obtained in this action, to the extent permitted pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and subject to any applicable protections under the Stipulated Protective Order in the Namenda XR Litigation.

iv.     The parties agree that defendants may use the responses to interrogatories served by plaintiffs from the Namenda XR Litigation in this action as if the information were obtained in this action, to the extent permitted pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, and subject to any applicable protections under the Stipulated Protective Order in the Namenda XR Litigation.  For clarity, plaintiffs need not produce any responses to interrogatories served in the Namenda XR

Litigation containing the confidential information of a non-party to this action [DEFENDANTS propose:  unless said non-party consents to production].

        v.      The parties agree that neither plaintiffs nor defendants may use responses to interrogatories from the Namenda XR Litigation if served by a party to the Namenda XR Litigation that is not a party to this litigation.

        e.      The parties have consented in writing to service by email, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.  The parties agree that service on any party by email shall be made on both Delaware and national counsel of that party.  The parties also agree that, for purposes of computing deadlines for responses to pleadings or discovery requests when such deadlines are triggered by service of a document, the additional 3 days permitted by Rule 6(d) of the Federal Rules of Civil Procedure will apply, regardless of the manner of service.

        f.      Depositions.

        i.      Limitation on Hours for Deposition Discovery.

All of the defendants collectively on one side shall be limited to a total of eighty (80) hours of taking testimony by deposition upon oral examination.  Plaintiffs on the other side shall be limited to a total of twenty one (21) hours of taking testimony by deposition upon oral examination with respect to each defendant family.  These limitations do not apply to third-party depositions, except that any depositions of plaintiffs' former employees and inventors shall be included in defendants' 80-hour limit.

The parties reserve the right to seek more time on a showing of good cause.

[PLAINTIFFS propose:  With the exception of depositions for inventors who were not previously deposed in the Namenda XR Litigation, no deposition shall exceed seven (7) hours of

time on the record.  Depositions of inventors who were not previously deposed in the Namenda XR Litigation shall not exceed fourteen (14) hours of time on the record.  For clarity, depositions of inventors who were previously deposed in the Namenda XR Litigation shall not exceed seven (7) hours of time on the record.]

[DEFENDANTS propose:   With the exception of depositions for inventors, no deposition shall exceed seven (7) hours of time on the record.  Depositions of inventors shall not exceed fourteen (14) hours of time on the record. ]

When an interpreter is required, each 1.5 hours of actual deposition time will count as one hour toward the total time permitted.

The parties agree that any party to this litigation may use the deposition testimony of fact witnesses from the Namenda XR Litigation, including the deposition testimony of corporate designees under Rule 30(b)(6), in this action as if the testimony were obtained in this action, to the extent permitted pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

Defendants will use best efforts to reasonably coordinate in advance of depositions to avoid duplicative questioning between themselves of a particular witness, and each party will use reasonable efforts to avoid duplicating examination of a particular witness on subject matter which was previously covered with that witness during the Namenda XR Litigation.

The parties reserve the right to seek additional depositions on a showing of good cause.

ii.   Location of Depositions.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district, or at

another location in the United States convenient for the witness.  Exceptions to this general rule may be made by order of the Court.   A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    g.  <u>Disclosure of Expert Testimony</u>.

    i.  <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before November 18, 2016. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party, including any assertions of secondary considerations of nonobviousness, is due on or before December 16, 2016.  Reply expert reports shall be limited to issues of secondary considerations, teaching away, unexpected results, or other issues that could not have been raised in opening reports, and are due on or before January 16, 2017.  No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  All expert depositions shall be completed by March 3, 2017.

    ii.  <u>Expert Report Supplementation</u>.  The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions), provided that the declarant has been or will be made available for deposition on the subject matter of the declaration.

    iii.  <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be

made by motion no later than March 10, 2017.  Oppositions shall be filed by March 17, 2017,
and replies shall be filed by March 24, 2017.  Briefing on such motions is subject to the page
limits set out in Local Rule 7.1.3(4).

        h.        <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

        i.        Any discovery motion filed without first complying with the
following procedures will be denied without prejudice to renew pursuant to these procedures.

        ii.        Should counsel find, after good faith efforts - including verbal
communication among Delaware and Lead Counsel for all parties to the dispute - that they are
unable to resolve a discovery matter or a dispute relating to a protective order, the parties
involved in the discovery matter or protective order dispute shall submit a joint letter in
substantially the following form:

> Dear Judge Stark:
>
> The parties in the above referenced matter write to request
> the scheduling of a discovery teleconference.    The
> following attorneys, including at least one Delaware
> Counsel and at least one Lead Counsel per party,
> participated in a verbal meet-and-confer (in person and/or
> by   telephone)   on   the   following   date(s):
> _____
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring
> judicial attention]

        iii.        On a date to be set by separate order, generally not less than forty-
eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter,
not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  On

a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

        iv.    Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

        v.    Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

10.    <u>Motions to Amend</u>.

        a.    Any motion to amend (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

        b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

        c.    Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

11.    <u>Motions to Strike</u>.

        a.    Any motion to strike any pleading or other document shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed

three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

        b.     Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

        c.     Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

    12.    <u>Tutorial Describing the Technology and Matters in Issue</u>.  Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue.  In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes.  The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions.  The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial.  Any such comment shall be filed no later than the date on which the answering claim construction briefs are due.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

    13.    <u>Claim Construction Issue Identification</u>.  On June 29, 2016, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on August 4, 2016.  The parties' Joint Claim

Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

14. <u>Claim Construction Briefing</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on August 18, 2016. The parties' answering/responsive briefs shall be contemporaneously submitted on September 15, 2016. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

15. <u>Hearing on Claim Construction</u>. Beginning at 9:00 a.m. on October 11, 2016, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

16.     <u>Interim Status Report</u>.  On July 8, 2016, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.  Thereafter, if the Court deems it necessary, it will schedule a status conference.

17.     <u>Supplementation</u>.  Absent agreement among the parties, and approval of the Court, no later than October 10, 2016 the parties must finally supplement, *inter alia,* the identification of all accused products and of all invalidity references.

18.     <u>Case Dispositive Motions</u>.  There will be no summary judgment motions without leave of Court.

19.     [PLAINTIFFS propose: <u>Reduction in Number of Asserted Claims and Number of Asserted Prior Art References and Combinations Thereof</u>.  Plaintiffs' initial infringement contentions pursuant to Paragraph 4(c) of the Court's Default Standard for Discovery of Electronic Documents shall assert no more than 12 claims from each patent and no more than a total of 48 claims.  Defendants' initial invalidity contentions pursuant to paragraph 4(d) of the Court's Default Standard for Discovery of Electronic Documents shall assert no more than 18 prior art references against each asserted patent and no more than a total of 70 references.  Each obviousness combination counts as a separate prior art reference and shall be counted against the 18 and 70 references limits.  No later than 28 days before the service of expert reports by the party with the initial burden of proof October 21, 2016, plaintiffs shall reduce their asserted claims to no more than 8 claims from each patent and no more than a total of 24 claims.  By the date set for the service of expert reports by the party with the initial burden of proof November 18, 2016, defendants shall reduce their asserted prior art to no more than 9 references against each asserted patent and no more than a total of 40 references.  Each obviousness combination counts as a separate prior art reference and shall be counted against the 9 and 40 references

limits.  Upon a showing of diligence, and with due consideration for prejudice, a party may seek to modify this order for good cause shown.  Any request to increase the limits contained in this order must specifically show why the inclusion of additional asserted claims or prior art references is warranted].

[DEFENDANTS propose:  Defendants propose that the paragraph regarding reduction in number of asserted claims and number of asserted prior art references and combinations thereof not be included, consistent with the Court's Revised Patent Form Scheduling Order (ANDA), and that the parties use best efforts to reasonably negotiate workable limits on the number of asserted claims and prior art references and combinations thereof.  However, should the Court include a provision regarding reducing asserted claims and prior art references, Defendants propose the following language: Plaintiffs' initial infringement contentions pursuant to Paragraph 4(c) of the Court's Default Standard for Discovery of Electronic Documents shall assert no more than 15 claims from each patent and no more than a total of 60 claims.  Defendants' initial invalidity contentions pursuant to paragraph 4(d) of the Court's Default Standard for Discovery of Electronic Documents shall assert no more than 24 prior art references against each asserted patent and no more than a total of 88 references.  Each obviousness combination counts as a separate prior art reference and shall be counted against the 24 and 88 references limits.  No later than 28 days before the service of expert reports by the party with the initial burden of proof (October 21, 2016), plaintiffs shall reduce their asserted claims to no more than 8 claims from each patent and no more than a total of 32 claims.  By the date set for the service of expert reports by the party with the initial burden of proof (November 18, 2016), defendants shall reduce their asserted prior art to no more than 12 references against each asserted patent and no more than a total of 52 references.  Each obviousness combination counts as a separate prior art

reference and shall be counted against the 12 and 52 references limits.  Upon a showing of diligence, and with due consideration for prejudice, a party may seek to modify this order for good cause shown.  Any request to increase the limits contained in this order must specifically show why the inclusion of additional asserted claims or prior art references is warranted.]

20.     <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

21.     <u>Pretrial Conference</u>.  On April 28, 2017, the Court will hold a pretrial conference in Court with counsel beginning at 9:00 a.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order - Patent, which can be found on the Court's website (www.ded.uscourts.gov), on or before April 21, 2017.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order - Patent, the parties shall include in their joint proposed final pretrial order, among other things:

a.     <u>a request for a specific number of **hours** for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical bench trial day there will be 6 to 7 hours of trial time;

   b. <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;

   c. <u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

   d. <u>their position as to how to make motions for judgment as a matter of law</u>, whether it be immediately at the appropriate point during trial or at a subsequent break and whether such motions may be supplemented in writing.

  22. <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  The parties will exchange *in limine* requests on or before March 31, 2017, oppositions to MIL requests on April 7, 2017, and replies on April 14, 2017.  Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No

separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

23.   <u>Trial</u>.  This matter is scheduled for a five (5) to ten (10) day bench trial beginning at 8:30 a.m. on May 15, 2017, with the subsequent trial days also beginning at 8:30 a.m.  The trial day will end no later than 5:00 p.m. each day.

24.   <u>Post-Trial Briefing</u>. The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.


_____
CHIEF, UNITED STATES DISTRICT JUDGE